366 So.2d 440 (1978)
Theodore R. BUNDY, Petitioner,
v.
John A. RUDD, As Circuit Judge of the Second Judicial Circuit in and for Leon County, Florida, Respondent.
No. 55611.
Supreme Court of Florida.
December 22, 1978.
*441 Michael J. Minerva, Public Defender, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
This case is before the Court on a petition for a writ of prohibition to prevent the respondent from continuing to exercise jurisdiction as trial judge in certain criminal proceedings presently pending against the petitioner in the Leon County Circuit Court. Because the case is one in which a sentence of death might ultimately be imposed, we have jurisdiction. Art. V, § 3(b)(4), Fla. Const.; see Reino v. State, 352 So.2d 853 (Fla. 1977).
By indictment filed on July 27, 1978, petitioner was charged with two counts of murder in the first degree, three counts of attempted murder in the first degree, and two counts of burglary of a dwelling. After entering a plea of not guilty, petitioner filed a written motion to disqualify the trial judge, setting forth various incidents which had transpired during the course of the proceedings, and alleging that respondent had exhibited such prejudice as to place petitioner in fear that he would not receive a fair trial. The motion was accompanied by the supporting affidavits of petitioner, of the public defender appointed to represent him, and of four members of the public defender's staff who had participated in the preparation of petitioner's defense.
On November 20, respondent entered an order denying the motion for disqualification on the ground that the motion was legally insufficient. The order went on to explain, and in some respects controvert, the specific factual allegations contained in the motion. On the same day, petitioner filed a motion for reconsideration, to which he attached another affidavit of the public defender essentially denying that respondent's explanatory account of certain events was truthful. When that motion was similarly denied, again with explanation, petitioner instituted the present action in an effort to prevent his impending trial from commencing as scheduled on December 4.
Upon initial consideration, we determined that the petition on its face demonstrated a preliminary basis for relief and entered an *442 order directing respondent to show cause why the motion and supporting affidavits were not legally sufficient. Having now considered all the relevant documents filed in this proceeding, we conclude that petitioner is entitled to the relief requested.
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification "shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." Fla.R.Crim.P. 3.230(d); see, e.g., Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); Suarez v. State, 95 Fla. 42, 115 So. 519 (1928); Theo. Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 So. 517 (1927). When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case  the creation of "an intolerable adversary atmosphere" between the trial judge and the litigant. See Department of Revenue v. Golder, 322 So.2d 1, 7 (Fla. 1975) (On Reconsideration).
Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy. Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928). Accordingly, the writ of prohibition must issue directing respondent to disqualify himself in all proceedings presently pending against the petitioner. We assume, however, that the formal issuance of the writ will be unnecessary.
The chief judge of the Second Judicial Circuit shall assign another judge within the circuit to preside over proceedings pending against petitioner, unless he shall deem it appropriate to request the chief justice of the Supreme Court to assign a qualified judge from without the circuit, pursuant to the provisions of Article V, Section 2(b) of the Florida Constitution.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.