396 So.2d 1169 (1981)
MANAGEMENT CORPORATION OF AMERICA, INC. and Alan Weiselberg, Petitioners,
v.
Hon. Rhea Pincus GROSSMAN, Respondent.
No. 80-2468.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Rehearing Denied May 6, 1981.
Bartel, Shuford & Dubitsky and Stanley Jay Bartel, Miami, for petitioners.
Lapidus & Stettin and Richard L. Lapidus, Miami, for respondent.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The petitioners seek a writ of prohibition[1] to prevent the respondent from continuing to exercise jurisdiction as trial judge in a civil action now pending in the Dade County Circuit Court styled Management Corporation of America, Inc. and Alan Weiselberg v. Ted Weiselberg, Case No. 80-18018 CA (14). We grant the relief sought for the reasons which follow.
We deem it unnecessary to detail the allegations made in the motion for disqualification and accompanying affidavits or to decide whether the respondent ruled correctly when she denied the motion as legally insufficient. Our ruling is predicated on the singular fact, so obviously reflected in the respondent's ten-page order denying the motion (attached to which are twenty-two exhibits consisting of hundreds of pages), that the respondent went to great lengths to refute the charge that she was prejudiced against counsel for the petitioners. This effort by the respondent, as understandable as it may have been, makes her disqualified to further preside in the case below.
As the Supreme Court stated in Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978):
"Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification `shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.' Fla.R.Crim.P. 3.230(d); see, e.g., Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); Suarez v. State, 95 Fla. 42, 115 So. 519 (1928); Theo Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 So. 517 (1927). When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination *1170 of legal sufficiency, was expressly designed to prevent what occurred in this case  the creation of `an intolerable adversary atmosphere' between the trial judge and the litigant. See Department of Revenue v. Golder, 322 So.2d 1, 7 (Fla. 1975) (On Reconsideration)." (emphasis supplied).
Accordingly, we grant the petition for writ of prohibition. We are confident that it is unnecessary for us to issue the writ, and we therefore remand the cause to the Circuit Court for further proceedings consistent with this opinion.
NOTES
[1] The petitioners alternatively sought the issuance of a writ of certiorari. On December 23, 1980, we issued an order determining that the proceedings be by way of certiorari. Upon further consideration, after oral argument of this cause, we have decided that the remedy of prohibition is proper.