DANIEL S. PEARSON, Judge.
This petition for writ of prohibition calls for more than a one-word denial.
Petitioners’ counsel have attempted to bootstrap our disqualification of the respondent in Management Corporation of America, Inc. v. Grossman, 396 So.2d 1169 (Fla. 3d DCA 1981), into a disqualification in the present case. Their petition states that we granted prohibition in Management Corporation of America “upon a finding that Judge Grossman ‘ was prejudiced against counsel’ in the law firm.” That is plainly not so. The words — “was prejudiced against” — appear in our opinion in this context:
“Our ruling is predicated on the singular fact so obviously reflected in the respondent’s ten-page order denying the motion (attached to which are twenty-two exhibits consisting of hundreds of pages), that the respondent went to great lengths to refute the charge that she was prejudiced against counsel for the petitioners. This effort by the respondent, as understandable as it may have been, makes her disqualified to further preside in the case below.” 396 So.2d 1169 (emphasis supplied).
As should be clear to any reader of that opinion, our holding in Management Corporation of America was not based on a finding that Judge Grossman was prejudiced, but rather on the impropriety of her efforts to show that she was not. Moreover, we did not there hold that the petitioners’ suggestion of disqualification was legally sufficient.
In the present case, the respondent simply entered an order denying, as insufficient, the suggestion of disqualification and made no effort to refute the charges of prejudice. Therefore, the discrete holdings of Management Corporation of America and Bundy v. Rudd, 366 So.2d 440 (Fla. 1978), upon which we solely relied in Management, are totally inapposite.
The petition for writ of prohibition is denied.