525 So.2d 471 (1988)
Helen FRUEHE, Petitioner,
v.
Honorable James M. REASBECK, Judge of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 88-0515.
District Court of Appeal of Florida, Fourth District.
May 18, 1988.
E. Ross Zimmerman of Weinstein & Zimmerman, P.A., Tamarac, for petitioner.
James M. Reasbeck, pro se.
PER CURIAM.
Petitioner seeks a writ of prohibition to prohibit respondent from presiding in further proceedings in the case of Helen Fruehe, Petitioner, v. Charlene Georgia Fruehe, Respondent, Case No. 78-1935 CP, in the Seventeenth Judicial Circuit in Broward County, Florida.
We grant petitioner's petition for writ of prohibition on the authority of Bundy v. Rudd, 366 So.2d 440 (Fla. 1978) and Gieseke v. Moriarty, 471 So.2d 80, 81 (Fla. 4th DCA 1985). In Bundy, the supreme court stated:
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification "shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." [Citations omitted]. When a judge has looked beyond the mere legal sufficiency of a suggestion *472 of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case  the creation of "an intolerable adversary atmosphere" between the trial judge and the litigant.
366 So.2d at 442.
The record of the hearing on petitioner's motion to disqualify clearly establishes that respondent failed to limit his inquiry to a determination of the sufficiency of the motion to disqualify. Respondent's attempt to justify denial of the motion for reasons other than the legal sufficiency of the motion and supporting affidavit requires his disqualification.
Accordingly, we grant petitioner's petition for writ of prohibition.
PROHIBITION GRANTED.
HERSEY, C.J., and LETTS and DELL, JJ., concur.