PER CURIAM.
Where a trial judge makes the parties aware of circumstances that might raise a question as to his ability to be impartial and spontaneously commits to re-cuse himself on a motion of a party, a subsequent and timely motion for recusal must be granted. It is held in such cases that the invitation to make the motion *1108 speaks louder than a subsequent disclaimer of bias. Pistorino v. Ferguson, 386 So.2d 65 (Fla, 3d DCA 1980).
Further, the trial judge exceeded the proper scope of inquiry when he looked beyond the legal sufficiency of the verified motion for disqualification and challenged the truth of the bias allegation. That action alone would warrant disqualification. Bundy v. Rudd, 366 So.2d 440 (Fla.1978). Management Corp. of Am. v. Grossman, 396 So.2d 1169 (Fla. 3d DCA 1981).
Because we grant the petition for writ of prohibition, the post-motion order setting the cause for a jury trial must also be reversed. Stimpson Computing Scale Co. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987). On remand the successor judge may revisit the jury trial question.