PER CURIAM.
We grant the petition and do so on the authority of Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978), from which case we quote the following excerpt:
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification “shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.” Fla.R.Crim.P. 3.230(d); see, e.g., Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); Suarez v. State, 95 Fla. 42, 115 So. 519 (1928); Theo. Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 So. 517 (1927). When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.
Accordingly, the writ of prohibition must issue directing respondent to disqualify himself in all proceedings presently pending against the petitioner. We assume, however, that the formal issuance of the writ will be unnecessary. The chief judge of the Seventeenth Judicial Circuit shall assign another judge within the circuit to preside over the proceedings against petitioner.
Petitioner’s motion for clarification and in the alternative bond is denied as moot.
HERSEY, C.J., and LETTS and STONE, JJ., concur.