564 So.2d 594 (1990)
Hubert Lloyd TOWNSEND, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03306.
District Court of Appeal of Florida, Second District.
July 27, 1990.
*595 James Marion Moorman, Public Defender and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Hubert Lloyd Townsend raises three points on appeal challenging the trial court's judgment entered on a jury verdict finding him guilty of aggravated battery, three counts of sexual battery, kidnapping, theft and arson. We find merit in only one issue, as discussed below. We affirm the convictions and judgments, but reverse the sentences imposed because the trial judge refused to recuse himself at time of sentencing.
The motion to disqualify the trial judge was first filed by defense counsel after trial and verdict but prior to the sentencing hearing, requesting the judge to recuse himself only from the sentencing hearing. When presented with a motion to disqualify, the judge may only pass upon the legal sufficiency of the motion. Hill v. Speiser, 536 So.2d 1190 (Fla. 4th DCA 1989). The judge, here, not only did not rule on the sufficiency of the motion, but proceeded to debate with the filing attorney the allegations contained in the motion in violation of Florida Rule of Criminal Procedure 3.230. Bundy v. Rudd, 366 So.2d 440 (Fla. 1978).
The sufficiency of the grounds set forth in the motion for disqualification is not before us. We are, therefore, not called upon to decide those issues.
Upon being presented with the motion to disqualify, the trial judge stated that, "I may be prejudiced against counsel but not against your client." The judge also commented that, "I would ask your boss to look into your qualifications to appear in court." The judge stated that he would "take the motion under advisement." The trial judge then proceeded to comment on the allegations in the motion one by one. Whether a motion for disqualification is sufficient or not, the judge shall not pass on the truth of the allegations nor adjudicate the question of disqualification. Bundy; Haggerty v. State, 531 So.2d 364 (Fla. 1st DCA 1988), review denied, 542 So.2d 988 (Fla. 1989). The trial judge failed to recuse himself and continued with the sentencing hearing terminating in a sentence of Townsend to prison.
The judge's comments exceeded the proper scope of his inquiry. It was error for him to continue in the case. Accordingly, the judgments and convictions are affirmed, but the sentences imposed are reversed and set aside. The case is remanded for a new sentencing hearing before a different judge, who, upon familiarizing himself with the record of the case and other aspects of the proceedings necessary for sentencing, may then impose a new sentence herein not to exceed Townsend's original sentence.
Affirmed in part, reversed in part and remanded.
DANAHY and FRANK, JJ., concur.