564 So.2d 609 (1990)
Regina Wesley HILL, Petitioner,
v.
The Honorable Richard Y. FEDER, Respondent.
No. 90-966.
District Court of Appeal of Florida, Third District.
July 31, 1990.
Jones, Foster, Johnston & Stubbs and Michael P. Walsh, West Palm Beach, Buchbinder & Elegant, Miami, for petitioner.
Robert A. Ginsburg, Co. Atty., and Roy Wood, Asst. Co. Atty., for respondent.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
Petitioner requests a writ of prohibition disqualifying the trial judge. Petitioner asserts several reasons for her belief that she will not receive fair treatment from respondent. She presented those reasons to the trial judge in a motion for disqualification. In an order denying the motion for disqualification, the trial judge stated:
Without reaching the truth of the allegations (which must be presumed true, thought [sic] in fact totally false), the Court is faced with "subjective fears" based on certain "happenings" (comments of ex-husband, actions of counsel, etc.). These fears which are based on interpretations of the tone of the Court's pronouncement or those conclusions based on what "seemed" [to] fall into the "frivolous allegations" of Fischer v. Knuck, 497 So.2d 240, 242 (Fla. 1986).
The trial judge's comments that the allegations are "in fact, totally false" place him in the same adversarial position the court condemned in Management Corp. of America, Inc. v. Grossman, 396 So.2d 1169 (Fla. 3d DCA 1981); see also MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985). In Management Corp., the appellate court held that by attempting to refute charges of partiality, the judge establishes grounds for disqualification. In Bundy v. Rudd, 366 So.2d 440 (Fla. 1978), the court stated:
Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case  the creation of `an intolerable adversary atmosphere' between the trial judge and the litigant. See Department of Revenue v. Golder, 322 So.2d 1, 7 (Fla. 1975) (On Reconsideration).
Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy. Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1928).
Bundy, 366 So.2d at 442. Judges should not try to defend honor or reputation when reviewing motions for disqualification. We therefore grant the petition for writ of *610 prohibition; we assume it will not be necessary to issue the writ.
Remanded for further proceedings.