PER CURIAM.
Diamond R. Fertilizer and Seibels Bruce Group, the employer and carrier in the proceedings below, petition this court for a writ of prohibition. They contend that the respondent Judge of Compensation Claims should have granted their motion for disqualification. Although the JCC did not expressly rule on the motion, he commenced further proceedings after it was filed and considered, action which he obviously should not have taken if he found the motion to be well-taken.
Having carefully considered the petition, the response, and the reply, we find that the motion for disqualification was timely and that movants demonstrated that the facts set forth would place a reasonably prudent person in fear of not receiving a fair and impartial trial. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990). We also find that at the hearing on the motion the JCC imper-missibly passed on the truth or falsity of the facts alleged by movant. Bundy v. Rudd, 366 So.2d 440 (Fla.1978).
Upon consideration of the foregoing, we grant the petition and direct the respondent Judge of Compensation Claims to enter an order in which he disqualifies himself from presiding over any further proceedings with respect to the claim of respondent Davis against the petitioners.
PETITION GRANTED.
SHIVERS, C.J., and WIGGINTON and NIMMONS, JJ., concur.