LEHAN, Judge.
We reverse defendant’s conviction for burglary of a dwelling with assault or battery with a dangerous weapon in violation of section 810.02(1) and (2), Florida Statutes (1991). After defense counsel had filed a motion for recusal of the trial judge, the trial judge, by denying the allegations of the motion, passed upon their truth.
While the allegations appear to have been legally sufficient, we need not decide that aspect, nor did the trial court rule in that regard. As this court stated in Townsend v. State, 564 So.2d 594, 595 (Fla. 2d DCA 1990),
[wjhether a motion for disqualification is sufficient or not, the judge shall not pass on the truth of the allegations nor adjudicate the question of disqualification, [citations omitted] ... The judge’s comments exceeded the proper scope of his inquiry. It was error for him to continue in the case.
Reversed and remanded for a new trial.
SCHOONOVER, C.J., and RYDER, J., concur.