PER CURIAM.
In this dissolution of marriage proceeding, the trial judge offered to disqualify herself in open court because she knew the wife, who “has practiced in front of me. She has acted as a guardian in some of my cases and I know her.” The trial judge made the offer conditional upon counsel for the husband advising her not later than the following Monday. The husband’s attorney in fact acted a day late in dictating his letter accepting the judge’s offer and there was an intervening time for its mailing and delivery. Immediately, thereafter, the attorney learned from the judge’s office that she considered the offer expired. We find the matter not that much unlike Funt v. Nadler, 530 So.2d 1107 (Fla. 3d DCA 1988). The only difference is that here the attorneys notice to the judge was arguably not “timely.” However, considering the affidavit of the husband’s attorney that he had been extricating himself from the aftermath of Hurricane Andrew and the emergency rule adopted by the Florida supreme court, In Re: Emergency Petition to Extend Time Periods Under all Florida Rules of Procedure, No. 80,387 (Fla. Sep. 2, 1992), we disagree with the trial judge’s decision not to recuse herself. We believe the petitioner is entitled to have the trial judge recused and we will withhold issuance of a formal writ on the assumption the trial judge will comply.