PER CURIAM.
Petitioner seeks a writ of prohibition precluding the trial judge from presiding in further proceedings pending against petitioner. He argues that in denying the motion for disqualification, the trial judge improperly passed on the truth of the facts alleged. We agree and grant the petition for writ of prohibition.
In the order denying petitioner’s motion for disqualification, the trial judge attempted to refute the charge of partiality and assumed the posture of an adversary. As the Supreme Court stated in Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978):
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification “shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.” When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.
(Citations omitted.) Accordingly, we grant the petition for writ of prohibition and re *117 mand the cause for further proceedings consistent with this opinion.
PROHIBITION GRANTED.
DELL, C.J., and ANSTEAD and GUNTHER, JJ., concur.