PER CURIAM.
Douglass petitions this court for a writ of prohibition. He contends that Circuit Judge E. Vernon Douglas improperly denied a motion for disqualification that alleged bias and a familial relationship. We find that the petition is without merit and deny it.
Petitioner filed a motion to disqualify Judge Douglas in the civil action pending below. Petitioner said that he feared he would not receive a fair hearing because the action stemmed from a constitutional violation that had occurred in his criminal trial and that Judge Douglas was familiar with the circumstances of the case. Other than this conclusory statement, no facts were set out to establish a reasonable basis for the fear of prejudice. As his second ground for disqualification, petitioner asserted that he and Judge Douglas were related by consanguinity within the third degree. Again, the motion faded to allege facts to establish that such a relationship existed. The motion to disqualify was neither sworn to nor did it attach affidavits to support the allegations.
Judge Douglas denied the motion to disqualify, finding that it was legally insufficient on its face. He found that the motion cited no facts that were reasonably sufficient to create a well-founded fear that petitioner would not receive a fair trial. As to the allegation of a relationship within the third degree of consanguinity, the order stated no persons were cited through which petitioner and the judge would be related, and that Judge Douglas knew of none.
In the petition for writ of prohibition, petitioner asserts that Judge Douglas went beyond the legal sufficiency of the motion to explain and controvert the allegations of the motion. Petitioner argues that the trial judge exceeded his authority by addressing the merits of the motion. Bundy v. Rudd, 366 So.2d 440 (Fla.1978).
The motion to disqualify alleged grounds which are cognizable under two separate statutes. The first ground asserted prejudice of the judge, which is a basis for disqualification under section 38.10, Florida Statutes (1993). In that circumstance, a judge may not pass on the truth of the facts alleged nor adjudicate the question of disqualification. Bundy v. Rudd, 366 So.2d at 442. The second ground for disqualification was based on section 38.02 which allows for disqualification of a judge if, among other things, a party is related to the judge by consanguinity or affinity within the third degree. The statute further provides that if the judge “finds the suggestion is false he shall forthwith enter his order so reciting and declaring himself to be qualified in the cause.” Section 38.02 contemplates that the judge will determine the truth of the suggestion to disqualify. This is in contrast to a motion for disqualification for prejudice under section 38.10 where the judge may not pass on the truth of the allegations. Judge Douglas did not rule on the truth of the allegations concerning the claim of bias. The statute permitted him to make such a ruling on the claim alleging a family relationship. This conclusion is also supported by Florida Rule of Judicial Administration 2.160(f).
As Judge Douglas properly denied the motion to disqualify, the petition for writ of prohibition is DENIED.
ZEHMER, C.J., and BARFIELD and KAHN, Jj., concur.