660 So.2d 705 (1995)
Alphonso CAVE, Appellant,
v.
STATE of Florida, Appellee.
No. 82333.
Supreme Court of Florida.
September 21, 1995.
*706 Jeffrey H. Garland, Fort Pierce, for appellant.
Robert A. Butterworth, Attorney General and Sara D. Baggett, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We have on appeal the sentence of the trial court imposing the death penalty upon Alphonso Cave. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We vacate Cave's sentence of death.
In April of 1982, Alphonso Cave and three accomplices robbed a convenience store and kidnapped and murdered Frances Slater, an employee. Before murdering Slater, the men removed her from the store and drove her to a remote location, whereupon one of the men stabbed Slater and another fired a single lethal shot into the back of her head. Cave was convicted of first-degree murder, robbery with a firearm, and kidnapping. He received the death penalty for the murder and concurrent life sentences for the robbery and kidnapping. The convictions and sentences were affirmed on direct appeal. See Cave v. State, 476 So.2d 180 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986), for a full recitation of the facts. The trial court denied Cave's petition for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, and we affirmed. Cave v. State, 529 So.2d 293 (Fla. 1988). Cave then filed a petition for habeas corpus relief in the Federal District Court for the Middle District of Florida alleging, inter alia, ineffective assistance of trial counsel. The federal district court applied the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and held that Cave received ineffective assistance of counsel at the guilt and penalty phases of his trial, but prejudice occurred only during the sentencing phase. Accordingly, Cave's sentence was vacated and remanded for a new sentencing proceeding. See Cave v. Singletary, 971 F.2d 1513, 1515 (11th Cir.1992). The United States Court of Appeals for the Eleventh Circuit affirmed. Id. at 1521. At the conclusion of the new sentencing proceeding the jury, by a vote of ten to two, recommended the death sentence. The trial court accepted this recommendation and imposed a sentence of death, a sentence which Cave now appeals.[1] Although Cave's appeal raises eighteen *707 issues, our resolution of issue one renders the remaining issues moot.[2] We address issue eight, however, to aid in Cave's resentencing.

Issue One
Cave's first issue asserts that the trial judge erroneously conducted a full evidentiary hearing on the factual allegations contained in Cave's motion for disqualification of the judge. Cave's motion was brought pursuant to rule 2.160 of the Florida Rules of Judicial Administration, rule 3.230 of the Florida Rules of Criminal Procedure, and sections 38.01, 38.02, 38.09 and 38.10 of the Florida Statutes (1991).[3] Rule 2.160 states, in part, that:
(d) Grounds. A motion to disqualify shall show:
(1) that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge;
....
(f) Determination-Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.
Fla.R.Jud.Admin. 2.160(d), (f). Section 38.10 states in part:
38.10 Disqualification of judge for prejudice; application; affidavits; etc.  Whenever a party to any action or proceeding makes and files an affidavit stating that he fears he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.
§ 38.10, Fla. Stat. (1993). Section 38.10 provides the substantive right to seek disqualification, whereas rule 2.160 controls the procedural process. See Rogers v. State, 630 So.2d 513, 515 (Fla. 1993). The procedural process specially provides that the judge *708 shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. When presented with a motion for disqualification, the judge
"shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." Fla.R.Crim.P. 3.230(d). When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.
Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978) (citations omitted). The motion is legally sufficient if the facts alleged demonstrate that the moving party has a well grounded fear that he or she will not receive a fair trial at the hands of the judge. Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983). The judge shall immediately disqualify himself if the motion is legally sufficient.
The Honorable Thomas J. Walsh, Jr. presided over Cave's resentencing. Before ascending to the bench, Judge Walsh was employed as an assistant state attorney in the Fort Pierce State Attorney's Office, the office which prosecuted Cave for the murder, kidnapping, and robbery. Cave moved to have Judge Walsh disqualified premised upon Cave's fears of possible judicial prejudice and appearances of impropriety. Rather than ruling on whether the motion was timely or stated valid grounds for recusal, Judge Walsh conducted a hearing in which he allowed the State to present several witnesses in rebuttal to the factual allegations contained in Cave's motion.[4] At the hearing's conclusion, Judge Walsh denied the motion as being legally insufficient.
The hearing of evidence and the subsequent ruling on the evidence demonstrates that the judge passed on the truth of the facts alleged and adjudicated the question of his disqualification. Accordingly, we find that Judge Walsh's conduct failed to follow the procedural process outlined in rule 2.160 and his error requires us to vacate Cave's sentence. Upon remand, we direct the chief judge of the circuit to assign a different judge for the resentencing of Alphonso Cave.[5]

Issue Eight
Our resolution of issue one renders all other issues moot. We nevertheless address issue eight as a means to avoid duplication of this error during Cave's resentencing. The issue asserts that the trial court erroneously admitted the State's staged videotaped re-enactment of a portion of the crime.
The test of admissibility of photographic evidence is relevance.[6]Burns v. State, 609 So.2d 600 (Fla. 1992). When a videotape is proffered into evidence, the trial court must be ever mindful that the "artificial recreation of an event may unduly accentuate certain phases of the happening, and because of the forceful impression made upon the minds of the jurors by this kind of evidence, it should be received with caution." Grant v. State, 171 So.2d 361, 363 (Fla. 1965) (quoting People v. Dabb, 32 Cal.2d 491, 197 P.2d 1, 5 (1948)), cert. denied, 384 U.S. 1014, 86 S.Ct. 1933, 16 L.Ed.2d 1035 (1966). Furthermore, Section 90.403 of the Florida Evidence Code states that:
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
§ 90.403, Fla. Stat. (1993).
In the instant case, Sheriff Crowder, a State witness, testified that on the night of *709 April 22, 1993, he staged a video re-enactment of portions of the crime. The video dramatized the route taken when Cave and his accomplices kidnapped the victim and drove her to the location where the murder was committed. The video was approximately eighteen minutes in duration and filmed in hushed tones. Its conclusion began with the car stopping along the side of the road, the sound of car doors opening, a gun shot and a flash of light, and the sound of car doors closing. The video finally concludes with a view of the car driving down the highway with its rear lights slowly fading from view.
The State asserts that the video was relevant to prove kidnapping, remoteness of the murder location, and the amount of time it took to drive the victim to the murder location. We disagree and find that allowing the video to be shown over objection was, in this instance, error. This was solely a resentencing proceeding, so the issue of guilt was unquestioned. The facts of the murder, kidnapping, and robbery were previously established. The only issue before the jury was whether Cave should live or die for his crime. Under these circumstances we find that the video was irrelevant, cumulative, and unduly prejudicial since, as the State concedes, "several witnesses testified to the distance between the scene of the abduction and the scene of the murder, and the time that it took to travel the distance between them." Accordingly, we find error in the trial court's admission of the video into evidence over Cave's objection.
We vacate Cave's sentence of death and remand for a new sentencing proceeding before a new judge.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which GRIMES, C.J., concurs.
WELLS, Justice, dissenting.
I dissent because the record does not disclose a violation of Florida Rule of Judicial Administration 2.160. I do not believe that the trial judge in this case was presented with circumstances similar to those requiring disqualification in Rogers v. State, 630 So.2d 513 (Fla. 1993), Livingston v. State, 441 So.2d 1083 (Fla. 1983), or Bundy v. Rudd, 366 So.2d 440 (Fla. 1978).
Specifically, the issue that arises is whether the trial judge, by allowing evidence to be presented in response to Cave's motion to disqualify and accompanying affidavits, violated our holding in Bundy v. Rudd, 366 So.2d 440 (Fla. 1978). In Bundy we stated:
When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case  the creation of "an intolerable adversary atmosphere" between the trial judge and the litigant.
Id. at 442. My review of Cave's motion for disqualification and the record of the hearing in which evidence was presented on the motion leads me to conclude that the trial judge did not refute the allegations set forth in the motion and thereby violate Bundy.
I believe that in order to properly resolve this issue we need to closely examine the actual contents of Cave's motion to disqualify as well as analyze the trial judge's actions pertaining to that motion. The essence of the motion was that at the time appellant was taken into custody on May 5, 1982, the trial judge was an assistant state attorney who worked out of the same office in Fort Pierce as the assistant state attorney who prosecuted Cave. In that office there were four felony attorneys whose individual offices were adjacent to each other and whose secretaries shared a common work area. The motion then alleges:
10. Given the collegial nature of the practice of law, it is believed that attorneys within the St. Lucie County felony division did regularly consult with one another for opinions, perspectives, current case law and advise [sic]. It cannot be said that the Honorable Thomas J. Walsh, Jr. was *710 screened from the day-to-day office work, thoughts, witnesses, documents, and collegial interaction which involved the instant prosecution. On the contrary, the Defendant fears that he will not receive a fair trial or hearing because of specific facts or information which may have come to the Court's attention dehors the record and which may affect or tend to affect the decision making process of the Court.
11. As the Honorable Thomas J. Walsh, Jr. was closely associated with both prosecutors originally prosecuting this case, both in a professional sense and in physical proximity, there is an appearance of impropriety and the Defendant justifiably fears that prejudice may result to him.
12. The Defendant fears that there was no screening process to prevent facts, opinions and collegial discourse surrounding this prosecution from affecting then prosecutor Walsh.
13. The Defendant justifiably fears that, based upon Judge Walsh's close association with the principle attorneys and investigator in this case, that he may have developed some special knowledge which may not otherwise be subject to proof or cross-examination in open court; that Judge Walsh may have developed attitudes toward the witnesses and evidence herein, by virtue of his previous exposure, which would cause him to tend to favor the State's version of the disputed facts; and that Judge Walsh has a bias or interest in this case which adverse to ALPHONSO CAVE.
The motion does not allege that the trial judge actually received any information, talked with anyone, or read anything about appellant's case. To the contrary, the motion states that Cave feared he would not receive a fair trial because of facts or information "which may have come to the Court's attention." Additionally, Cave's accompanying affidavit merely states that he feared the trial judge "may have learned something" from being in the same assistant state attorney's office as the attorney who prosecuted him. Neither the motion nor the accompanying affidavits allege any specific fact that the trial judge did learn or any factual basis other than his having been an assistant state attorney in that office to support the stated fears.
When the motion to disqualify was brought to the trial judge's attention at the hearing on March 31, 1993, the State urged the trial judge to allow evidence in respect to what occurred in the state attorney's office in 1982. Specifically, the State sought to introduce testimony about Cave's 1982 trial for the avowed purpose of demonstrating that there was no factual basis for Cave's alleged fears. The judge allowed the presentation of this evidence. Throughout the hearing in which the evidence was presented, however, the trial judge did not refute any alleged facts or make any comments that would create an adversarial atmosphere. At the conclusion of the hearing the judge denied Cave's motion as being legally insufficient.
I believe the record demonstrates that the suppositions alleged in Cave's motion had no basis in fact. No operative facts as to a well founded basis for fear of prejudice or bias were alleged and thus none were refuted. Accordingly, the situation that arose in this case is unlike the situation in Rogers, in which the appellant alleged that the trial judge made specific statements to a witness and the trial judge denied making those statements. 630 So.2d at 514. Likewise, this case is different than Livingston, in which the appellant described specific incidents of animosity between the trial judge and the litigant in his motion to disqualify. 441 So.2d at 1084. Finally, this case is distinguishable from Bundy, in which the motion alleged specific incidents which had transpired during the course of the proceedings and the trial judge directly controverted several specific allegations describing those incidents. 366 So.2d at 441.
Here, the trial judge was prompted to have an evidentiary hearing by an assistant state attorney who erroneously postulated that the need for the evidentiary hearing was to demonstrate to this defendant that the reasons stated by the defendant's motion for fearing the partiality of the trial judge were groundless. I agree that the evidentiary hearing should not have been held. However, the *711 trial judge did not rule on the basis of the hearing; he merely allowed the hearing and then ruled correctly that the motion was legally insufficient.
To require another sentencing trial on this basis is not required by any substantive reason.
GRIMES, C.J., concurs.
NOTES
[1] The trial court found in aggravation that the crime was: (1) committed while Cave was engaged or was an accomplice in the commission of or an attempt to commit a robbery and/or kidnapping; (2) committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody; (3) committed for pecuniary gain; (4) "especially heinous, atrocious and cruel"; and (5) cold, calculated, and premeditated "without any pretense of moral and legal justification." The trial court's sentencing order noted that Cave executed a written waiver of the statutory mitigating factors and presented no mitigating evidence. Nevertheless, the trial court found in mitigation that: (1) Cave may not have been the person who actually shot the victim; (2) it had been argued in the trials of Cave's co-defendants that another co-defendant actually shot the victim; (3) Cave is a loved and valued family member; and (4) Cave confessed.
[2] Cave asserts that: (1) the denial of his motion for disqualification of the trial judge was reversible error; (2) he was improperly denied an opportunity to explore and present mental status mitigation evidence; (3) the trial court erred in failing to instruct the jury on six statutory mitigating factors; (4) he was denied his right to cross-examination; (5) Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), was violated; (6) the cold, calculated, and premeditated aggravating factor instruction is defective and unconstitutional; (7) the State was precluded from seeking the death penalty; (8) the trial court erroneously admitted the State's staged reenactment of the murder; (9) mitigating evidence was erroneously excluded; and (10) the trial court erred in not finding mitigating factors. Issues eleven to fourteen assert that the evidence does not support: (11) cold, calculated, and premeditated; (12) heinous, atrocious, and cruel; (13) witness elimination; and (14) pecuniary gain. Issues fifteen to seventeen assert that the following instructions are defective and unconstitutional: (15) heinous, atrocious, or cruel; (16) witness elimination; and (17) pecuniary gain. Issue eighteen asserts that the trial court erred in denying Cave's motion for reconsideration.
[3] Rule 3.230 was repealed on October 8, 1992, and is therefore inapplicable. Sections 38.01, 38.02, 38.09 are likewise inapplicable since they pertain to issues not relevant to this appeal. Section 38.10 and rule 2.160, however, are directly applicable and form a basis for our opinion.
[4] The State presented the testimony of Bruce Colton, the Chief Assistant State Attorney when Cave was originally prosecuted; Judge Midelis, one of the lead prosecutors in the original trial; Tom Ranew, the lead investigator for the original trial; David Powers, the supervisory Sheriff's detective for the crime; and Richard Barlow, the Assistant State Attorney who conducted the post-conviction proceedings. The State was also allowed to submit the affidavit of Robert Stone, another lead prosecutor.
[5] Cf. Duest v. Goldstein, 654 So.2d 1004 (Fla. 4th DCA 1995) (judge prohibited from presiding over resentencing where judge, as assistant state attorney, had delivered document to prosecutor during previous trial and was supervisor of division that prosecuted defendant).
[6] Photographic evidence consists of still photographs, X-ray films, videotapes, and motion pictures. § 90.951(2) Fla. Stat. (1993).