PER CURIAM.
This petition for writ of prohibition seeks review of an order which denied a motion to disqualify the trial judge. Finding no basis for relief, we deny the petition.
On February 18,1997, William Sybers was indicted for first-degree capital murder of his wife. On February 28, 1997, Sybers filed a motion to disqualify the trial judge. The motion alleged that Judge Sirmons, after consulting with the State Attorney, out of the hearing of others, handpicked the foreman of the grand jury which returned the indictment. The motion also alleged that Judge Sirmons cancelled a bond hearing after the State Attorney contacted Judge Sirmons privately and, without notice to Sybers’ attorney, discussed with the judge his view that the motion for bail was premature as Sybers was not yet in custody.
Sybers moved to disqualify based on the cumulative effect of the judge’s selection of the grand jury foreman and the ex parte communication between the State Attorney and the judge. An addendum to the motion *129 also sought disqualification because Judge Sirmons had not successfully completed within the last five years the “Handling of Capital Cases” course offered through the Florida College of Advanced Judicial Studies. See, Florida Rule of Judicial Administration 2.050(b)(10). On March 18, 1997, Judge Sir-mons entered an order denying the motion for disqualification. The request to disqualify based on rule 2.050(b)(1), was found to be legally insufficient “until the Chief Justice declines to waive the requirements of the rule, as provided in the rule.”
Sybers then filed a motion for change of judge pursuant to rule 2.050. He also filed a second motion to disqualify the judge. This motion was based on the comment made in the order denying the first motion to disqualify that rule 2.050(b)(10) was legally insufficient until the Chief Justice declined to waive the requirement of the rule. Sybers asserted that in making such a statement, the court referred to matters outside the record and made a factual assertion implying that the Chief Justice had not declined to waive the requirement of the rule. By making a factual finding, Sybers argued the court had gone beyond permissible limits. On April 18, 1997, the trial court orally denied the second motion to disqualify and motion for change of judge.
On April 29, 1997, Sybers filed a third motion to disqualify the trial judge asserting that in three different orders, Judge Sirmons had referred to Mrs. Sybers as “the victim.” Sybers asserted that the use of the word “victim” prejudged the facts and outcome of the case, displayed actual prejudice and created a well-grounded fear that Sybers could not receive a fair trial. After a hearing, the third motion to disqualify was denied on May 13,1997.
In his petition for writ of prohibition, Sybers asserts that the trial judge improperly allowed the prosecuting attorney to proffer issues of fact going to the truth of the matters asserted, thereby creating an intolerable adversarial atmosphere which requires disqualification of the trial judge. When the State Attorney began to address the truth of the matters asserted, as opposed to the legal sufficiency of the pleadings, he precipitated a de facto violation of the court’s holding in Bundy v. Rudd, 366 So.2d 440 (Fla.1978). Sybers asserts that his first motion to disqualify was legally sufficient and should have been granted by Judge Sirmons. The trial judge is to determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. Cave v. State, 660 So.2d 705 (Fla.1995); Livingston v. State, 441 So.2d 1083 (Fla.1983). With regard to the alleged ex parte communications between Judge Sirmons and the State Attorney, Sy-bers argues those communications alone were sufficient to require that the judge disqualify himself, “if only to remove the appearance of partiality.” Mitchell v. State, 642 So.2d 1108 (Fla. 4th DCA1994).
We are of the view that the petition fails to set forth a basis for relief. Petitioner did not seek prohibition relief when the first motion was denied. Instead he waited until all three motions had been denied, then sought prohibition relief, based on grounds brought in the three motions. Disqualification issues should be timely brought to the attention of the appellate court. We do not believe that the cumulative effect of the trial judge’s actions created a bias which cannot be ignored. Here, petitioner has repeatedly filed unfounded motions to have the trial judge disqualified. The party moving to disqualify a judge cannot create the very bias of which he complains.
MICKLE, LAWRENCE and PADOYANO, JJ., concur.