PER CURIAM.
Ramon San Martin appeals from his conviction for burglary with an assault while armed with a firearm, home invasion with a firearm, _ and kidnapping with a weapon. We reverse.
Both before and after the trial the Defendant filed Motions for Disqualification of the trial judge, the first of which contended that the Defendant would not receive a fair trial on account of alleged prejudice of the trial judge against his *404 attorney. Notwithstanding the,fact that each of the- two Motions for Disqualification filed by .the Defendant could have been appropriately denied, (the first on the merits and the second due to untimeliness), the trial judge committed error by not recusing himself after he assumed an adversarial position with regard to defense counsel.[1] During an on-the-record discussion on the first day of trial, the trial judge stated the following to defense counsel:
“You know, you make these assumptions all the time here. Why did he show it to her for a half hour, okay, the motion you filed the other day, filled with your own personal convictions.”
The “motion” referred to by the trial judge was the Motion for Disqualification filed by the Defendant and subsequently denied by the trial judge before the trial commenced.
This Court has previously explained that “[wjhen a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.” Management Corp. of America, Inc. v. Grossman, 396 So.2d 1169 (Fla. 3d DCA 1981) (quoting Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978)). In the instant case, the trial judge’s comment that defense counsel’s initial Motion for Disqualification was filled with defense counsel’s personal convictions placed the trial judge in the same adversarial position with regard to defense counsel that courts have condemned on. many occasions. See Hill v. Feder, 564 So.2d 609 (Fla. 3d DCA 1990); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985); Management Corp. of America, 396 So.2d at 1169-70. The trial judge’s comment thus created the “intolerable adversary atmosphere” that, according to the Florida Supreme Court, the rules governing the disqualification of trial judges are designed to prevent. See Management Corp. of America, 396 So.2d at 1169-70. Accordingly, we reverse the Defendant’s convictions and remand this cause for-, a new trial before another judge.
Reversed.

. For the sake of clarity, we note that appellate counsel appearing on behalf of the appellant in this appeal did not participate in the trial sub judice and were not the trial attorneys with whom this Court found that Judge Pineiro had an adversarial relationship.