998 So.2d 593 (2008)
Jerry Michael WICKHAM, Appellant,
v.
STATE of Florida, Appellee.
Jerry Michael Wickham, Petitioner,
v.
Walter A. McNeil, etc., Respondent.
Nos. SC05-1012, SC07-1137.
Supreme Court of Florida.
December 23, 2008.
As Revised on Denial of Rehearing December 23, 2008.
*594 Frederick T. Davis of Debevoise and Plimpton, LLP, New York, New York, and Martin J. McClain of McClain and McDermott, Wilton Manors, FL, for Appellant.
Bill McCollum, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, FL, for Appellee.

REVISED OPINION
PER CURIAM.
Jerry Michael Wickham appeals an order of the circuit court denying his motion to vacate his conviction for first-degree murder and sentence of death and petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. As we explain, we reverse and remand for a new evidentiary hearing because the postconviction court erred by denying Wickham's motion to disqualify the postconviction judge. We also dismiss Wickham's habeas petition without prejudice to refile.

I. FACTUAL AND PROCEDURAL BACKGROUND
The relevant facts were set out in this Court's opinion in Wickham v. State, 593 So.2d 191 (Fla.1991), as follows:
In March 1986, Wickham together with family members and friends, including children, were driving along Interstate 10 when they discovered they were low on money and gas. While at least some members of the party felt they should stop at a church for help, Wickham and others decided they would obtain money through a robbery. The group continued along Interstate 10 and exited at Thomasville Road in Tallahassee.
Proceeding north almost to the Georgia border, the group decided to trick a passing motorist into stopping. They placed one of the vehicles conspicuously on the roadside. One of the women, apparently accompanied by some of the children, then flagged down the victim, Morris "Rick" Fleming. The woman told Fleming her car would not work. Wickham later told a fellow inmate that he had deliberately used the woman and children because "that's what made the guy stop and that's what I was interested in."
After examining the car, Fleming told the woman he could find nothing wrong with it. At this time, Wickham came out of a hiding place nearby and pointed a gun at Fleming. Fleming then turned and attempted to walk back to his car, but Wickham shot him once in the back. The impact spun Fleming around, and Wickham then shot Fleming again high in the chest. While Fleming pled for his life, Wickham shot the victim twice in the head.
Wickham then dragged the body away from the roadside and rummaged through Fleming's pockets. He found only four dollars and five cents. At this point, Wickham criticized the woman-decoy for not stopping someone with more money.
The group drove to a gas station and put two dollars' worth of gas in one of the cars, and two dollars' worth in a gas can. Wickham changed his clothes and threw his bloodstained pants and shoes into a dumpster. Wickham directed one of the others to throw the empty bullet casings and live rounds out the window. A short while later, the group drove past the murder scene and saw that the police and ambulances had begun to arrive. They then headed back south and drove to Tampa, obtaining more gas money by stopping at a church along the way.
. . . .

*595 After being convicted of the murder, the jury recommended by a vote of eleven to one that Wickham be sentenced to death. The trial judge concurred after finding six aggravating circumstances[[1]] and no mitigating circumstances.
Wickham, 593 So.2d at 192-93.
On direct appeal, we affirmed Wickham's conviction and death sentence. Id. at 191.[2] Thereafter, Wickham filed his current rule 3.851 motion for postconviction relief, which he subsequently amended to contain twenty-one claims.[3] The Second Circuit trial court granted an evidentiary hearing on some of the claims, summarily denied the remainder,[4] and ultimately denied all of Wickham's claims after the evidentiary hearing.

II. ANALYSIS
Wickham appeals the circuit court's order denying him postconviction relief.[5] *596 Because we conclude that the postconviction court erred by denying Wickham's motion to disqualify the postconviction judge, we reverse and remand for a new evidentiary hearing.

Disqualification
Wickham asserts that the postconviction court erred by denying his motion to disqualify all Second Circuit judges from deciding his rule 3.851 motion. In light of the unique and extraordinary circumstances in this case, Wickham's motion to disqualify should have been granted.
Wickham's motion to disqualify is governed substantively by section 38.10, Florida Statutes (2001), and procedurally by Florida Rule of Judicial Administration 2.160 (1992). See Cave v. State, 660 So.2d 705, 707 (Fla.1995). "Whether the motion is `legally sufficient' is a question of law, and the proper standard of review is de novo." Chamberlain v. State, 881 So.2d 1087, 1097 (Fla.2004). Under rule 2.160, a motion to disqualify must show "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge," or that the judge or any relative is interested in the result of the case, or that the judge is related to counsel, or that the judge is a material witness. "The facts alleged in a motion to disqualify must demonstrate that the party has a well-grounded fear that he will not receive a fair trial before the judge." Doorbal v. State, 983 So.2d 464, 476 (Fla.2008).
Wickham's motion demonstrated a well-grounded fear of judicial bias. In his 3.851 motion, Wickham raised numerous ineffective assistance of counsel claims against his trial counsel, Philip Padovano. Judge Padovano ran for a circuit court judgeship while Wickham's case was still pending and became a judge on the Second Circuit shortly after Wickham's trial. He served as a circuit court judge for almost eight years and was Chief Judge of the Second Circuit from 1993 to 1996. Currently an appellate judge on the First District Court of Appeal, Judge Padovano hears appeals from numerous judicial circuits, including the Second Circuit. After Judge Padovano's appointment to the appellate bench, his wife also joined the Second Circuit as a judge. Under these extraordinary circumstances, it is reasonable for a defendant in Wickham's position to fear that a Second Circuit judge hearing Judge Padovano's testimony in determining Wickham's ineffective assistance of counsel claims would be biased in favor of Judge Padovano and against Wickham. Thus, Wickham's motion to disqualify was based on a wellgrounded fear and should have been granted.
Because the postconviction court erroneously denied Wickham's motion, we remand this case for a new evidentiary hearing. On remand, the Chief Judge of the Second Judicial Circuit shall request that the Chief Justice of this Court temporarily assign a judge from outside the Second Circuit to preside over Wickham's new evidentiary hearing.

III. CONCLUSION
Because the postconviction court erred by denying Wickham's motion to disqualify, we remand this case for a new evidentiary hearing. Given the unique circumstances *597 of this case, Wickham's new evidentiary hearing shall be presided over by a judge from outside the Second Judicial Circuit. Additionally, in light of the remand for a new evidentiary hearing on his postconviction motion, we dismiss Wickham's petition for a writ of habeas corpus without prejudice to refile.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.
NOTES
[1] The six aggravating circumstances were: (1) under a sentence of imprisonment; (2) prior violent felony; (3) during the commission of a robbery; (4) avoid arrest; (5) the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification (CCP); and (6) the murder was committed in a heinous, atrocious, or cruel manner (HAC).
[2] This Court rejected the following claims Wickham raised on direct appeal: (1) the trial court erred in limiting testimony regarding Wickham's inability to form the specific intent to commit premeditated murder; (2) the trial court erroneously admitted evidence that Wickham had planned to escape from the Leon County jail while being detained there; (3) the trial court erred in finding HAC; (4) the trial court erred in finding CCP; (5) the trial court erred in failing to find and weigh mitigating evidence; and (6) the death penalty is disproportionate in his case.
[3] These claims are: (1) Wickham is exempt from execution under the Eighth Amendment because of his mental retardation; (2) Wickham was deprived of a competency determination and was incompetent to stand trial; (3) the Florida death sentence procedures violate the Sixth and Fourteenth Amendments; (4) the State unlawfully withheld files and records; (5) the circuit judges in and for the Second Circuit should be disqualified from hearing Wickham's case; (6) Wickham was denied effective assistance of counsel at the guilt and penalty phases; (7) trial counsel was ineffective; (8) newly discovered evidence establishes that Wickham is not guilty of the offense; (9) the State failed to produce exculpatory information in its possession; (10) the prosecutor made improper comments during opening and closing arguments; (11) Wickham's sentence of death was based upon unconstitutionally obtained prior convictions and upon a nonstatutory aggravating factor; (12) the jury was impermissibly tainted by improper external influence; (13) the atmosphere surrounding Wickham's trial was so prejudicial as to deprive Wickham of a fair trial; (14) the HAC and CCP instructions were unconstitutionally vague and overbroad; (15) race discrimination permeates the justice system in Leon County and affected the preparation and prosecution of this case at every stage; (16) the penalty phase jury instructions were unreasonably vague and confusing; (17) the trial court improperly delegated the determination of the aggravating and mitigating circumstances to the prosecution; (18) the trial court failed to set forth in writing reasons for departing from the sentencing guidelines in sentencing Wickham to life imprisonment for his armed robbery conviction; (19) the trial court improperly considered opinions of the victim's family members in determining the sentence; (20) the cumulative impact of errors denied Wickham a fair trial; and (21) Wickham was denied a competent mental health examination and trial counsel was ineffective for failing to procure a competent examination.
[4] An evidentiary hearing was held regarding claims 6, 8, and 10 as well as portions of claims 2, 7, 9, and 21.
[5] Wickham raises nine claims on appeal: (1) the postconviction court erred in denying Wickham's motion to disqualify all Second Circuit judges; (2) trial counsel was ineffective at the penalty phase; (3) trial counsel was ineffective for failing to request a hearing on Wickham's competency to stand trial; (4) the trial court erred by failing to conduct a competency hearing; (5) the State presented false and misleading evidence and suppressed exculpatory evidence; (6) the State inappropriately pressured witnesses to testify against Wickham at his trial but not to testify on his behalf at the evidentiary hearing; (7) the trial court improperly delegated determination of aggravating and mitigating circumstances to the State; (8) the trial court considered statements by the victim's father in determining the sentence; and (9) Wickham is exempt from execution under the Eighth Amendment.