# Third District Court of Appeal
## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1523
Lower Tribunal No. F18-16091
_____

**Eiffel DeCastro,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

AsiliA Law Firm, P.A., and Jeremy McLymont, for appellant.

James Uthmeier, Attorney General, and Jonathan P. Hurley, Senior Assistant Attorney General (Tampa), for appellee.

Before FERNANDEZ, LINDSEY, and GORDO, JJ.

PER CURIAM.

Appellant Eiffel DeCastro timely appeals his convictions and sentences, raising several issues. We write to address only one. Midway through trial, counsel for DeCastro orally moved to disqualify the trial judge. As grounds for disqualification, DeCastro alleged that the judge had created an appearance of bias by making an *ex parte* phone call to the State Attorney's Office during the victim's testimony to ask why a victim advocate was not present and by showing partiality toward State witnesses through statements and unusual accommodations designed to console them. The judge responded by contesting the factual allegations:

> So clearly for the record, as referring to the mother, and as referring to the - - [the victim] testifying today, the Court never said everything is going to be okay. The Court indicated, it's okay if they needed to take a break. That's specifically what has happened.
>
> And the Court either through the bailiff, or the Court itself, whether if it has offered tissue or water, in no way it has done it for and will do it for any witness that needs it as - - so they can get through their testimony.
>
> The Court's interest in calling the State Attorney's Office and not calling anyone in particular, calling the State Attorney's Office was to request a victim advocate to get here to this courtroom, because there was some mention of maybe possibly needing to call Fire Rescue because this witness was stating that she needed to throw up and that she felt like she was going to faint.

And the Court's interest, again, is not only for the safety of everybody in this courtroom, but the Court's interest is making sure that this witness can maintain her composure so that she can get through the testimony and not do anything that is inappropriate in front of the jury. That is what this Court is concerned with. This Court denies your motion for recusal and denies your motion for a mistrial.

Later, during the charge conference before jury instructions, counsel for DeCastro filed a written Motion to Disqualify Trial Judge and renewed the arguments in his oral motion. The judge reviewed the motion in chambers and denied it without further comment. This appeal follows.

"It is well-established that judges may not comment on the merits or otherwise look outside the allegations of bias or prejudice when reviewing an initial motion to disqualify." Brewer v. Hughes, 390 So. 3d 679, 680 (Fla. 3d DCA 2024); see also Fla. R. Gen. Prac. & Jud. Admin. 2.330(h) ("The judge against whom an initial motion to disqualify . . . is directed may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged."). "When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification." Bundy v. Rudd, 366 So. 2d 440, 442 (Fla. 1978).

3

This Court's decision in Chiu v. Wells Fargo Bank, N.A, 254 So. 3d 377, 377 (Fla. 3d DCA 2018), governs here:

> Although we have concluded that the grounds alleged in Petitioner's motion for disqualification are legally insufficient, "[w]hen a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and *on that basis alone* established grounds for his disqualification." Mackenzie v. Super Kids Bargain Store, 565 So. 2d 1332, 1339 (Fla. 1990) (citation omitted). Because the trial judge, in the order denying disqualification, has done so, we must grant the writ of prohibition.

We are compelled to conclude that the trial judge erred in disputing the facts of the motion to disqualify.

However, the erroneous denial of a motion to disqualify is reviewed for harmless error. Davis v. State, 347 So. 3d 315, 326 (Fla. 2022) ("[H]armless error remains the proper analysis for erroneous denials of a legally sufficient motion for disqualification."). As the beneficiary of the error, the State bears the burden of proving beyond a reasonable doubt that the error did not contribute to the verdict. State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986). The State here fails to make any argument for a finding of harmless error. Even so, appellate courts have a duty to determine harmless error by examining the record "regardless of any lack of argument on the issue by the

4

state." Jackson v. State, 107 So. 3d 328, 342 (Fla. 2012) (quoting Knowles v. State, 848 So. 2d 1055, 1057 (Fla. 2003)).

Here, the record does not show beyond a reasonable doubt that the denial of the motion to disqualify did not affect the verdict. The victim's testimony was a central component of the State's case, so her credibility was very much at issue. Any judicial acts that impacted the jury's determination of her credibility could have affected the verdict. Indeed, following the granting of a motion to disqualify, "[p]rior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration." Fla. R. Gen. Prac. & Jud. Admin. 2.330(j). Thus, each of the trial court's rulings on the Motions in Limine and evidentiary objections during trial would have been ripe for reconsideration. On this record and absent impermissible speculation, we cannot say beyond a reasonable doubt that the error did not affect the verdict.[1] Thus, we cannot find this error was harmless. See Davis,

---

[1] The Florida Supreme Court has repeatedly declined to alter the DiGuilio standard to one more likely to uphold a conviction. See State v. Lee, 531 So. 2d 133, 136 (Fla. 1988) ("[W]e decline to modify the DiGuilio test to require only a showing that the permissible evidence would support the conviction in order to find the erroneous admission of improper collateral crime evidence harmless."); Knowles, 848 So. 2d at 1057-59 (rejecting Second District's application of a "did not *substantially* influence the jury's verdict" harmless-error standard as "an unwarranted departure from the DiGuilio standard").

347 So. 3d at 327 (holding that the erroneous denial of motion to disqualify not harmless because "[w]hile presiding over this case, [the trial judge] made several consequential decisions that could have altered the outcome of the trial"). To be clear, we do not hold that the motion for disqualification was legally sufficient, nor do we hold that the trial court's actions, other than its response to the oral motion to disqualify, constituted error. We simply conclude that the trial court's responding to the motion to disqualify by disputing the allegations made therein was a sufficient basis to require disqualification. See Bundy, 366 So. 2d 440; Chiu, 254 So. 3d 377.

Reversed and remanded for a new trial before a different judge.